UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NICHOLAS MURPHY,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
STEVEN PEDULLO, SHIELD NO. 12511, JOHN DOE
POLICE OFFICER #1,

                                  Defendants.
------------------------------------------------------------------ x

**COMPLAINT AND JURY DEMAND**

DOCKET #

ECF CASE

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a September 8, 2014 incident in which an officer of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Aaron Charles is a citizen of the United States and at all times here relevant residing in the City and State of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

10. In the afternoon of September 8, 2014, plaintiff was walking with his girlfriend in the vicinity of N. 7th St. and Roebling Avenue in the Williamburgh section of Brooklyn, NY, when he was approached by defendant Police Officer Pedullo.

11. Pedullo asked plaintiff if he likes to hit girls; he answered incredulously. Pedullo then asked plaintiff's girlfriend if plaintiff hit her, she replied the he had not. Plaintiff's girlfriend had no visible injuries on her face or body and in fact was not injured.

12. Defendant Pedullo told plaintiff that he had been "pointed out" and arrested him. Plaintiff saw no one in the vicinity who seemingly would have "pointed him out".

13. Defendant Pedullo swore out a criminal complaint against plaintiff, in which he stated that a person named "Jeff Batista" had observed plaintiff "repeatedly punch [his girlfriend] in about the face". Defendant Pedullo further falsely claimed that he observed bruising and redness to plaintiff's girlfriend's forehead. She had no such bruising and redness.

2

14. Court documents indicate that no Notice of Identification, pursuant to CPL 710.30(1)(B) was served.

15. No informant was produced and approximately 3 months later the charges against plaintiff were dismissed.

16. Plaintiff spent 23 hours in custody.

17. Plaintiff denies the charges or any wrongdoing whatsoever in connection with his arrest.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Pain and suffering;

   d. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

   e. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983 – FALSE ARREST)

20. The above paragraphs are here incorporated by reference.

21. Defendants acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from being arrested without a warrant or probable cause that he committed a crime, pursuant to the Fourth Amendment to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

22. Defendants arrested plaintiff unlawfully when they seized him without legal privilege to do so. Plaintiff did not consent to his confinement and was conscious of it.

23. Plaintiff was has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(42 USC § 1983 – MALICIOUS PROSECUTION)

24. The above paragraphs are here incorporated by reference.

25. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from a malicious prosecution, pursuant to the Fourth Amendment to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

26. Defendants initiated a false accusatory instrument against plaintiff and continued to participate in a malicious prosecution of him based on a false accusatory instrument and other communications made to the district attorney's office.

27. Plaintiff was has been damaged as a result of defendants' wrongful acts.

## THIRD CAUSE OF ACTION
(42 USC § 1983 – MUNICIPAL AND SUPERVISORY LIABILITY)

31. The above paragraphs are here incorporated by reference.

32. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

33. The City knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

34. The aforesaid event was not an isolated incident. The City has been aware for some time (from lawsuits, criminal trials of police officers and notices of claim, media coverage and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid the use of excessive force during an arrest. The City John Doe Supervisors of Brooklyn Narcotics Bureau Detectives are further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal.

35. For example, in the criminal case against narcotics officer Jason Arbeeny, who was convicted of planting drugs and falsifying arrest reports, the Kings County trial judge noted that NYPD "had a widespread culture of corruption endemic in its drug units". He further noted the "cowboy culture" in narcotics units and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

36. In addition, the City knows from the same sources that supervising officers, including but not limited to the John Doe Supervisors have instituted arrest quotas that put pressure on police officers and detectives to make such arrests regardless of the merits of the arrest.

37. Furthermore, the City is aware, from the same sources, that police officers routinely engage in the false arrests of citizens. Upon information and belief based on multiple witnesses and plaintiffs in various federal cases, the City knows that defendant Pedullo and the

5

John Doe officers, among others routinely violates citizens' right to privacy by unlawfully entering private homes, falsely arrests and inappropriately and unlawfully draws and points his gun at citizens. Moreover, rather than inquiring into patterns of alleged misconduct in civil rights cases, the City has undertaken a policy to cover up settlement amounts by changing their settlement stipulations to exclude settlement amounts.

38. The City fails to monitor and discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to monitor and discipline officers for making false statements to disciplinary agencies, in addition to failing to monitor false arrests committed by officers. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force and arrests are practiced and incredible testimony goes uncorrected. Additionally, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City John Doe Supervisors have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

39. The City knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and John Doe Supervisors failed to take corrective action.

40. The City has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases

involving misconduct.

41.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

42.     The City has damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

43.     Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.     In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.     Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.     Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
January 22, 2016

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Officer Steven M. Pedullo
Shield No. 12511

Yours, etc.,

*[signature]*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com